☀ New Civil Liberties Alliance

October 7, 2025

**VIA CM/ECF**

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the District of Columbia Circuit
333 Constitution Ave., N.W.
Washington, DC 20001

      Re:    Response to Rule 28(j) Letter
                   *Heroes Technology (US) LLC d/b/a Snuggle Me Organic v.*
                   *Consumer Product Safety Commission, No. 25-1003* (D.C. Cir.)

Dear Mr. Cislak,

      We write in response to the Commission's September 30, 2025 letter.

      Federal Rule of Appellate Procedure 28(j) permits parties to bring "pertinent and significant authorities" to the Court's attention. Fed. R. App. P. 28(j). Rule 28(j) is not a mechanism "to bring new evidence through the back door." *Trans-Sterling, Inc. v. Bible*, 804 F.2d 525, 528 (9th Cir. 1986) (rejecting attempt by party to supplement record by introducing a newspaper article "containing later comments by a [party]"); *accord DiBella v. Hopkins*, 403 F.3d 102, 118 (2d Cir. 2005).

      The Commission's letter "improperly invite[s] the Court to review the safety standard on grounds and evidence that was not available to the Commission in promulgating the rule." *Zen Magnets, LLC v. CPSC*, 841 F.3d 1141, 1155 (10th Cir. 2016); *see also IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its

decision was made."). As in *Zen Magnets*, this is a petition for review of a rule under the Administrative Procedure Act, Doc. 2118857 at 4–5, and the sources cited have no bearing on the questions before this Court.

Furthermore, the Commission's insinuation that Heroes Technology did not disclose that it had developed a rule-compliant product to this Court is scurrilous and false. In its Motion for Stay, Petitioner disclosed that it was designing and manufacturing a rule-compliant product but that the product would not be available for sale until after the challenged rule's effective date. Doc. 2105663 at 20; *id.* at A11–12. That statement remains true, as the rule-compliant Snuggle Me Lounger Curve, referenced in the Commission's letter, was not available for sale until *after* May 5. It should come as no surprise that a company facing an existential crisis caused by an unlawful regulation would comply with that rule while also challenging it. *Id.* at A9–10.

The Commission's attempt to introduce new evidence through the cited sources should be disregarded or stricken.

    Very truly yours,

    */s/ Kara M. Rollins*

    Kara M. Rollins
    John J. Vecchione
    NEW CIVIL LIBERTIES ALLIANCE
    4250 N. Fairfax Drive, Suite 300
    Arlington, VA 22203
    Phone: (202) 869-5210
    Fax: (202) 869-5238
    Kara.Rollins@ncla.legal
    John.Vecchione@ncla.legal
    *Counsel for Petitioner*

cc:    All counsel of record via CM/ECF

### CERTIFICATE OF COMPLIANCE

This notice complies with Federal Rule of Appellate Procedure 28(j) because it contains 347 words.

                                            */s/ Kara M. Rollins*
                                            KARA M. ROLLINS

### CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system which sent notification of such filing to all counsel of record.

                                            */s/ Kara M. Rollins*
                                            KARA M. ROLLINS